UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 21-cr-20148-KMM

UNITED STATES OF AMERICA,

v.

DARWIN IVAN CHELE MUNOZ,

Defendant.

_____/

## FACTUAL PROFFER

Defendant, Darwin Ivan Chele Munoz ("Defendant"), his counsel, and the United States of America agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

On or about February 1, 2021, while on routine patrol, a United States Coast Guard Cutter detected a Low-Profile Vessel (LPV) approximately 500 nautical miles southwest of Mexico in international waters. The vessel was suspected of being without nationality, it displayed no indicia of nationality, and it was located in international waters.

Upon approach of the LPV, it was determined that the vessel was disabled with three crew members onboard. The boarding team identified the crew members as the Defendant and his two co-defendants. The boarding team requested that the master of the vessel identify their last port call, and one of the defendants responded that it was Turbo, Colombia. The Coast Guard thereafter enacted the US/Colombia bilateral treaty and forms exchange. Colombia could not confirm or deny the nationality of the vessel, and the Coast Guard was therefore authorized to treat the vessel as a vessel without nationality, and to conduct a full law enforcement boarding. The vessel was in fact a vessel without nationality, such that it was subject to the jurisdiction of the United States.

The Coast Guard boarding team opened a hatch in the top deck of the vessel and discovered

packages consistent with contraband in the cargo hold. The packages were field tested, and returned a positive test for cocaine. In total, the Coast Guard recovered 60 bales of cocaine from the vessel, and the cocaine weighed approximately 1,197 kilograms. The Defendants knew there was cocaine in the vessel, and they were knowingly transporting it.

The Defendant conspired with the other individuals on the boat, and people in Colombia, to possess with intent to distribute five kilograms or more of cocaine while on board a vessel without nationality in international waters, subject to the jurisdiction of the United States. Although he never actually received a payment, the Defendant was told he would be paid for his work in transporting the cocaine on the boat, and delivering that cocaine to its planned recipients.

The Parties agree that the above facts, which do not include all the facts known to the Government and the Defendant, are sufficient to prove the guilt of the Defendant in the above-referenced matter.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 9/30/2021          By: _____

FREDERIC C. SHADLEY
ASSISTANT UNITED STATES ATTORNEY

Date: 9/23/2021          By: _____

JOAQUIN MENDEZ, ESQ.
COUNSEL FOR DEFENDANT

Date: 9/23/2021          By: _____

DARWIN IVAN CHELE MUNOZ
DEFENDANT

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 21-cr-20327-KMM

UNITED STATES OF AMERICA,

v.

YIMINSON CAICEDO VALLECILLA,

Defendant.
_____/

FACTUAL PROFFER

Defendant, Yiminson Caicedo Vallecilla ("Defendant"), his counsel, and the United States of America agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

On or about May 5, 2021, while on patrol in the Eastern Pacific Ocean, a U.S. Government Marine Patrol Aircraft (MPA) detected a low-profile vessel ("LPV") approximately 350 nautical miles north northwest of Darwin Island, Ecuador, in international waters. The U.S. Coast Guard Cutter (USCGC) ACTIVE was patrolling nearby and diverted to intercept. The USCGC ACTIVE launched two smaller Over the Horizon (OTH) vessels with boarding teams, and also launched a helicopter (HELO). The OTH vessels reported no indicia of nationality visible on the LPV while in international waters traveling through a known drug trafficking area.

The OTH vessels and HELO arrived on scene with the LPV, and issued warning shots that resulted in the LPV stopping. The OTH boarding team observed no vessel name, no registration number, no markings on the vessel, and no other indicia of nationality. The Defendant and his co-defendants were on board the LPV. The master of the vessel was asked about the country of nationality or registry for the LPV, and he made no claim of nationality or registry for the LPV. Based on the master's failure to make a claim of nationality, the Coast Guard was authorized to treat the vessel as without nationality and conduct a full law enforcement boarding. The vessel

was, in fact, a vessel without nationality, such that it was subject to the jurisdiction of the United States.

The OTH boarding team opened the centerline hatch of the LPV and observed packages consistent with contraband. The packages were removed, and field tested for narcotics. The test returned positive for cocaine, with a total approximate weight of 1,390 kilograms. The Defendants were knowingly transporting that cocaine.

The Defendant conspired with the other individuals on the boat, and people in Colombia, to possess with intent to distribute five kilograms or more of cocaine while on board a vessel without nationality in international waters, subject to the jurisdiction of the United States. He was to be paid for his work in transporting the cocaine on the boat, and delivering that cocaine to its planned recipients.

The Parties agree that the above facts, which do not include all the facts known to the Government and the Defendant, are sufficient to prove the guilt of the Defendant in the above-referenced matter.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 9/30/2021          By:

FREDERIC C. SHADLEY
ASSISTANT UNITED STATES ATTORNEY

Date: 9/24/21          By:

EMMANEUAL PEREZ, ESQ.
COUNSEL FOR DEFENDANT

Date: 9/24/21          By:

YIMINSON CAICEDO VALLECILLA
DEFENDANT

2